Daniel J. Leary
vs.          } W.C.A. No. 589.
Thomas J. Quinn

November 13, 1925

BAKER, J.    Heard upon petition under the Compensation Act.

The injury in question occurred July 27, 1924, the petitioner working a few days thereafter until he was compelled to stop work. The injury to his back was brought about by the petitioner attempting to lift or raise a heavy rock.

While the testimony shows that some time in 1918 he had lumbago in his back for a few days and in 1921 fell from a staging, suffering an injury to his left hip, it seems to the Court that the respondent's argument that the present condition of petitioner's back may be due to this fall or to a chronic organic condition is not supported by the testimony.

The petitioner apparently worked steadily until about the first of August, 1924, and no complaint of any injury of any kind to his back was made until after the accident in July, 1924. Further, on the pleadings this question is not involved in the case.

The real issue here is whether or not the petitioner is totally incapacitated from work as he insists, or whether he has been fully cured, as the respondent argues.

The testimony on this phase of the case is rather conflicting. Three physicians have treated or examined the petitioner at various times and none of them entirely agree as to the nature of the injury to his back or its probable extent or duration.

The Court has considered the testimony carefully and has seen the witnesses. It is of the opinion that the

petitioner is not in any way shamming and at the present time he is suffering from some injury to his spine brought about by the accident in question. The respondent's doctor claims that this condition is in the nature of arthritis in connection with one of the vertebrae, that the condition is at the present time quiet, and that the petitioner is fully capable of resuming his work. The other physicians are inclined to believe that one of the vertebrae has become injured or diseased by reason of the accident, that the condition may trouble the petitioner for a long space of time and may grow better or may grow worse.

Several X-ray pictures of the spine have been taken and apparently show some unusual condition of one of the vertebrae, although it is not in any way fractured or dislocated. Dr. Macarthy, who was produced by the petitioner, testified that he thought the petitioner could do light work if he did not have to stand on his feet for too long, although there is some question as to the length of time he could work at a stretch.

Taking all the testimony in the case into consideration, in the judgment of the Court it shows that the petitioner at the present time is partially incapacitated. It is not clear enough to show that he is entirely cured and, on the other hand, the Court does not believe that he is now totally incapacitated. It would appear that he could do certain kinds of light work if the proper job could be found. That being so, the Court finds that the petitioner is entitled to an award of $10 a week, the maximum for partial incapacity from and after August 26, 1925, when the last previous payment had been made to him, said payments to be made under the law until further order of the Court or until there is such change of circumstances as to warrant a finding that the petitioner is either cured or totally incapacitated.

For Petitioner: George J. West.

For Respondent: Curtis, Matteson, Boss & Letts and James I. Shepard.